# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

**BAP NO. MB 09-070**

**Bankruptcy Case No. 09-16884-FJB**

**DAVID A. GOURDIN, SR.,**
Debtor.

**DAVID A. GOURDIN, SR.,**
Appellant,

v.

**WARREN E. AGIN, Chapter 7 Trustee,**
Appellee.

## JUDGMENT

This cause came to be heard from the United States Bankruptcy Court for the District of Massachusetts. Upon consideration whereof, and in accordance with the Opinion entered of even date, it is now hereby **ORDERED AND ADJUDGED** that the order sustaining the trustee's objection to the debtor's claim of a homestead exemption is **AFFIRMED**.

FOR THE PANEL:

Dated: June 17, 2010                        By:  /s/ Mary P. Sharon
                                                  Clerk of Court

[cc: Hon. Frank J. Bailey, and Clerk, U.S. Bankruptcy Court, District of Massachusetts (Eastern Division, Norman Novinsky, Esq., Warren E. Agin, Esq., John Fitzgerald, Esq.)

FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

BAP NO. MB 09-070

Bankruptcy Case No. 09-16884-FJB

DAVID A. GOURDIN, SR.,
Debtor.

DAVID A. GOURDIN, SR.,
Appellant,

v.

WARREN E. AGIN, Chapter 7 Trustee,
Appellee.

Appeal from the United States Bankruptcy Court
for the District of Massachusetts
(Hon. Frank J. Bailey, U.S. Bankruptcy Judge)

Before
Lamoutte, Vaughn, and Kornreich,
United States Bankruptcy Appellate Panel Judges.

Norman Novinsky, Esq., on brief for Appellant.

Warren E. Agin, Esq., on brief for Appellee.

June 17, 2010

**Kornreich, U.S. Bankruptcy Appellate Panel Judge.**

David A. Gourdin, Sr., is the debtor in this case. Warren E. Agin, the chapter 7 trustee, objected to the debtor's claim of a homestead exemption in his former marital residence under Massachusetts law on grounds that the state probate court had divested the debtor of his interest in that property in a divorce action prior to bankruptcy. This appeal by the debtor is from the order of the bankruptcy court sustaining the trustee's objection. We **AFFIRM**.

## BACKGROUND

The debtor and Michelle Gourdin were married in 1986 and purchased their marital residence in 1989.[1] In 1994, the debtor declared their marital residence to be a homestead under Massachusetts law. In December, 2006, the debtor moved out of the residence and out of state. Michelle and their two minor children continued to occupy the marital residence. The debtor returned to Massachusetts in 2007, but he did not return to the residence. Divorce proceedings were commenced and fully litigated to a final disposition in the Massachusetts probate court. In the resulting "Judgment of Divorce Nisi" entered on April 30, 2008,[2] the probate court awarded

---

[1] The original deed of conveyance of the marital residence to the debtor and Michelle is not in the record. The findings of the probate court state that, "[t]he parties purchased their home . . . in 1989." Under Massachusetts law, a conveyance of land to a husband and wife creates an estate in common unless the deed expressly states otherwise. Mass. Gen. Laws ch. 184, § 7 (2010); DeCenzo v. Bd. of Assessors of Framingham, 362 N.E.2d 913, 915 (Mass. 1997). For that reason, and because the precise nature of their pre-divorce estate is not at issue in this appeal, we will assume that the debtor and Michelle held the residence as tenants in common prior to their divorce.

[2] A judgment of divorce nisi becomes absolute 90 days after entry. Mass. Gen. Laws ch. 208, § 21. If an appeal is taken and then dismissed, as it was in this instance, the judgment nisi would become absolute at of the end of the initial 90-day period. Mass. R. Dom. Rel. P. 58(c). The debtor sought to reinstate his appeal following its dismissal and also asked for a stay pending appeal. Both of these requests were denied. Thus it appears that divorce judgment became absolute on July 29, 2008, 90 days after it was entered.

the residence to Michelle and ordered the debtor to "forthwith convey all right, title and interest" to her. She became obligated to sell the residence after their youngest child turned 18 or upon his graduation from high school, whichever occurred later. The judgment authorized Michelle to retain a specified amount of money from the net proceeds of sale to reimburse her for the liens for which the debtor was responsible and allowed her to keep a sum equal to unpaid child support due at the time of sale. The remaining proceeds were to be divided 75% to Michelle and 25% to the debtor. Under the scheme ordered by the probate court, the debtor was to retain no interest in the marital residence beyond a claim against Michelle for 25% of the net proceeds of sale.

The debtor failed to convey his interest in the residence to Michelle. She sought relief for this failure in the probate court. In an order entered on May 5, 2009, entitled "Appointment Pursuant to Rule 70" (the "divestment order"),[3] the probate court divested the debtor of title and vested his title in a master "who shall have full power and authority to convey defendant's interest to [Michelle], as per the Judgment of Divorce dated April 30, 2008." The master

---

[3] Mass. R. Dom. Rel. P. 70 provides:

**Rule 70. Judgment for Specific Acts: Vesting Title**
If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the clerk shall issue a writ of attachment against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within the Commonwealth, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution upon application to the clerk.

executed a deed conveying the marital residence to Michelle on June 18, 2009. She recorded the deed on August 5, 2009.

The debtor filed his chapter 7 petition on July 21, 2009, two weeks before Michelle recorded the deed. He listed a 25% interest in the marital residence on his schedule of real property and showed the net value of that interest to be $85,143.00, based upon a fair market value of $358,000.00 less a 5% broker's commission.[4] He also claimed a homestead exemption under Massachusetts law.[5]

In a timely objection to the debtor's homestead exemption, the trustee argued that the debtor could not claim the residence to be exempt under Massachusetts law for two reasons: first, the probate court had transferred full title in the residence to Michelle prior to bankruptcy; and, second, the debtor had abandoned the residence. According to the trustee, the debtor's sole claim arising from the residence was a right to receive a portion of the proceeds of sale, a right that is not protected by the Massachusetts Homestead Act.

In the debtor's response to the trustee's objection, he admitted the entry of the divorce judgment after trial. He also admitted the essential content of that judgment without conceding

---

[4] The bankruptcy schedules were not included in the appendix. These references to the debtor's schedules of real property and exempt property are derived from the debtor's admissions to the trustee's allegations.

[5] An estate of homestead may be acquired by deed or declaration under Massachusetts law. Such an estate creates an exemption under Mass. Gen. Laws ch. 188, §§ 1 and 2. An election of state exemption law by a Massachusetts debtor in a bankruptcy case is permissible under state law and under the Bankruptcy Code if certain domiciliary requirements are met. See 11 U.S.C. § 522(b). The trustee has not questioned the debtor's election of the state law homestead exemption.

-4-

its finality.[6] The debtor also admitted the entry and content of the divestment order without challenging its finality. Yet, despite those admissions he insisted that his interest in the residence had not been terminated by the probate court because his "title was not transferred until after bankruptcy." According to the debtor's reckoning, as the holder of record title, he was entitled to exempt his claim to the proceeds of sale. The debtor also asserted that the transfer of title and post-bankruptcy recording of the deed by Michelle were violations of the automatic stay.[7]

The bankruptcy court sustained the trustee's objection and disallowed the debtor's homestead exemption, following a hearing, in a minute order stating:

> The Trustee's objection to the debtor's claim of homestead exemption is hereby sustained and the exemption disallowed.
>
> The debtor's interest in the marital property was terminated prepetition by two orders of the Probate Court: the divorce judgment, which awarded the property to his former wife, Michelle, and the May 5, 2009 order, which vested the property in a master under obligation to transfer debtor's record title to Michelle. The debtor retains no interest in the property. Instead, he has a right to payment from Michelle, albeit one whose amount and timing are dependent on the sale of the house. This asset is only a right to payment, not a continuing interest in the real property, and therefore cannot be claimed as exempt under c. 188.
>
> It is true that, as of the filing of the bankruptcy petition, the deed transferring title may not have been delivered to Michelle. This fact is irrelevant because, as of that date, the debtor was bound by the Probate Court orders. Therefore, as of the petition date, the debtor held only bare record title and not any equitable interest in or right to the property. Under 11 U.S.C. § 541(d), the bankruptcy estate acquired the property only to the extent of the debtor's legal title, but not to the extent of the equitable interest in the property that he did not hold. In short, the estate acquired no equitable interest in the property, and what

---

[6] The debtor denied the trustee's allegations that his appeal of the divorce judgment had been dismissed and that his motions to reinstate the appeal and for a stay pending appeal had been denied. These denials appear to have been without foundation in light of the contrary evidence in the record. The debtor has admitted the finality of the divorce judgment on appeal.

[7] The assertion of stay violations was abandoned on appeal.

legal title it acquired was held at sufferance and in contempt, subject to the Probate Court's orders of divestiture and transfer. I am satisfied that the debtor brought no interest in the property into the estate and therefore cannot claim an interest in the property as exempt under c. 188. Nor does it matter that the transfer was not recorded prepetition. Recording perfects a transfer against certain third parties. As between the debtor and Michelle, however, perfection was unnecessary: the termination of the debtor's interest in the property was res judicata. Under 11 U.S.C. § 541(a)(1), the estate received the debtor's interest subject to the Probate Court orders, with no better title than the debtor himself had. Nor has the Trustee indicated any intent to recover any interest in the property by exercise of his rights as a hypothetical bona fide purchaser for value under 11 U.S.C. § 544. Even if he could do so (I make no ruling on that issue), he has not, and therefore the estate simply does not own an interest in the property to claim as exempt.

This appeal followed.

## JURISDICTION

A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Id. at 646 (citations omitted). An order granting or denying a claimed exemption is a final, appealable order. Aroesty v. Bankowski (In re Aroesty), 385 B.R. 1, 3 (B.A.P. 1st Cir. 2008); Hildebrandt v. Collins (In re Hildebrandt), 320 B.R. 40, 42-43 (B.A.P. 1st Cir. 2005).

## STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. See Lessard v. Wilton-Lyndeborough Coop. School Dist., 592 F.3d 267, 269 (1st Cir. 2010). Our review of this matter is *de novo* because the facts are undisputed.

U.S. v. Rogers, 521 F.3d 5, 9 (1st Cir. 2008). We may affirm a decision of the bankruptcy court on any basis apparent in the record. See Chiang v. Verizon New England Inc., 595 F.3d 26, 34 (1st Cir. 2010).

## DISCUSSION

Two assertions of error are raised by the debtor on appeal: first, that the bankruptcy court erred in finding that the trustee had met his burden of proof on his objection to the homestead exemption claim; and, second, that the bankruptcy court erred in concluding that the divorce judgment and divestment order had terminated the debtor's homestead interest in the marital residence. We begin our analysis with an overview of the applicable bankruptcy law.

The commencement of a bankruptcy case creates an estate. See 11 U.S.C. § 541(a).[8] A bankruptcy estate is comprised of all legal and equitable interests of a debtor in property as of the commencement of the case with limited exceptions.[9] See 11 U.S.C. § 541(a)(1); Pasquina v. Cunningham (In re Cunningham), 513 F.3d 318, 323 (1st Cir. 2008). "Section 541 is construed broadly to bring in any and all of the debtor's property rights within the bankruptcy court's jurisdiction and the umbrella of protections granted by the Bankruptcy Code, and to promote the goal of equality of distribution." Abboud v. The Ground Round, Inc. (In re The Ground Round, Inc.), 335 B.R. 253, 259 (B.A.P. 1st Cir. 2005) (citing U.S. v. Whiting Pools, Inc., 462 U.S. 198,

---

[8] Unless expressly stated otherwise, all references to the "Bankruptcy Code," or to a specific statutory section shall be to the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23; and all references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[9] These exceptions include the powers and interests enumerated in § 522(b) and the restriction on the transfer of a beneficial interest in a trust described in § 522(c)(2), none of which are applicable in this instance.

-7-

205 n.9 (1983)), aff'd, 482 F.3d 15 (1st Cir. 2007). Federal law will determine whether an interest in property is property of the estate, but state law will determine what constitutes a legal or equitable interest for bankruptcy purposes. See Butner v. U.S., 440 U.S. 48, 54 (1979).

An individual debtor is permitted to exempt property from the estate under applicable federal or state law. See 11 U.S.C. § 522(b). To protect property in this way, a debtor must provide a list of the property claimed as exempt. See 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(a). The property appearing on that list will be excluded from the estate unless a party in interest files a timely objection. See 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(b)(1); see also Premier Capital, Inc. v. DeCarolis (In re DeCarolis), 259 B.R. 467, 470 (B.A.P. 1st Cir. 2001) (citing Taylor v. Freeland & Kronz, 503 U.S. 638, 643-44 (1992)) ("[E]ven where a debtor has no basis in law for claiming an exemption, once the 30-day objection period of [Bankruptcy Rule] 4003(b) has expired, the property is incontestably exempt."). In a proceeding on an objection, the objecting party has the burden of proof, see Fed. R. Bankr. P. 4003(c), by a preponderance of the evidence. See In re Tofani, 365 B.R. 338, 345 (Bankr. D. Mass. 2007).

1. Did the trustee meet his burden of proof?

The debtor's argument rests upon the assertion that the trustee failed to present evidence outweighing: (a) the debtor's record title as a joint owner of the marital residence at the time of bankruptcy; (b) Michelle's failure to record the master's deed until after bankruptcy; (c) the debtor's unrevoked estate of homestead; and (d) his claim of "an equitable contingent beneficial interest in 25% of the proceeds of the eventual sale of the home."[10] In pressing this argument, the

---

[10] The debtor's description of his interest in the marital residence to be an "equitable contingent beneficial interest in 25% of the proceeds" appears for the first time on appeal.

-8-

debtor has ignored the evidentiary and preclusive effects of the probate court's divorce judgment and divestment order.

The essential content of each probate ruling was admitted by the debtor in his response to the trustee's objection. Those admissions of content were binding, judicial admissions in the bankruptcy court.[11] See Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., Inc., 976 F.2d 58, 61 (1st Cir. 1992) ("'A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of a proceeding.'") (quoting Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528 (2d Cir. 1985)). Moreover, a copy of each ruling appears in the trustee's appendix without challenge. Thus, we conclude that both probate court rulings were properly in evidence before the bankruptcy court.

Under 28 U.S.C. § 1738, a final act of a state court is to be given the same preclusive effect in a federal court as it would have in the state in which it was entered. See Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008). "In Massachusetts, res judicata encompasses both claim preclusion and issue preclusion." Id. The doctrine of issue preclusion, otherwise known as collateral estoppel, provides that "'[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the

---

[11]  Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.' Michael H. Graham, Federal Practice and Procedure: Evidence § 6716 (Interim Ed.); see also John William Strong, McCormick on Evidence § 254, at 142 (1992). A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party.

Keller v. U.S., 58 F.3d 1194, 1198 n.8 (7th Cir. 1995).

determination is conclusive in a subsequent action between the parties, whether on the same claim or a different claim.'" Martin v. Ring, 514 N.E.2d 663, 664 (Mass. 1987) (quoting Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 479 N.E.2d 1386 (Mass. 1985)). Mutuality of parties is not required in all circumstances. "A nonparty may use collateral estoppel defensively against a party to the original action who had a full and fair opportunity to litigate the issues in question." Id. The critical factors of defensive collateral estoppel are an identity of issues, a finding adverse to the party against whom it is being asserted, and a judgment on the merits by a court of competent jurisdiction. Id. at 665. All three critical factors were present in this case. There was an identity of issues between the probate court and the bankruptcy court on the question of the debtor's property interest in the marital residence; there was a pre-bankruptcy final judgment against the debtor stating that he was to transfer his interest in the marital residence; and the divorce judgment was a judgment on the merits by a court of competent jurisdiction. The pre-bankruptcy final order vesting the debtor's title in the master was entered to implement the judgment.

Given the preclusive effect of the probate court's decisions and the rule that state law determines what constitutes an interest in property for bankruptcy purposes,[12] see Butner, 440 U.S. at 54, it is clear that the bankruptcy court had a sufficient factual and legal basis for its conclusion that the debtor's interest in the marital residence had been terminated by the probate

---

[12] Ordinarily, we determine questions of state law property interests based upon the decisions of the highest state court. In the absence of an authoritative decision, "we must predict, as best we can, that court's resolution of the issue before us," Kunelius v. Town of Stow, 588 F.3d 1, 9 (1st Cir. 2009), or certify such questions to the state's highest court. See Ropes & Gray LLP v. Jalbert (In re Engage, Inc.), 544 F.3d 50, 52 (1st Cir. 2008). However, under the unique circumstances of this case, our decision concerning the nature and extent of the debtor's property interest under state law will rest upon the final judgment and final order of the state trial court.

court prior to bankruptcy. Consequently, the bankruptcy court stated accurately that the record title acquired by the bankruptcy estate was "only bare record title . . . held at sufferance and in contempt, subject to the Probate Court's orders of divestiture and transfer."

The bankruptcy court also determined correctly that the only meaningful property interest arising out of the marital residence acquired by the bankruptcy estate was the debtor's claim against Michelle for 25% of the net proceeds of a future sale. Being personal property and not an interest in "land and buildings," that claim is not protected under the Massachusetts homestead law.[13] See In re Webber, 278 B.R. 294, 297 (Bankr. D. Mass. 2002) ("[A] homestead

---

[13] Mass. Gen. Laws ch. 188, § 1, provides:

An estate of homestead to the extent of $500,000 in the *land and buildings* may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases:

(1) sale for taxes;
(2) for a debt contracted prior to the acquisition of said estate of homestead;
(3) for a debt contracted for the purchase of said home;
(4) upon an execution issued from the probate court to enforce its judgment that a spouse pay a certain amount weekly or otherwise for the support of a spouse or minor children;
(5) where buildings on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot whereon they stand;
(6) upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity.

For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

(emphasis supplied).

'exemption' in Massachusetts law takes the form of an estate in land."). Therefore, the bankruptcy court concluded properly that the debtor had no basis for claiming the future proceeds of sale to be exempt from the bankruptcy estate under Mass. Gen. Laws ch. 188, § 1. This brings us to the debtor's second charge of error.

2. <u>Did the bankruptcy court err in concluding that the debtor's estate of homestead had been terminated by the probate court?</u>

The debtor asserts that an estate of homestead may be terminated only by a deed conveying the property or by a written release under Massachusetts law.[14] On this premise he argues that: (1) neither of these means of termination was executed by the debtor; and (2) the bankruptcy court wrongly construed either or both of the probate court's rulings to have been a lawful means of termination.

We decline to address these concerns because the bankruptcy court did not rule expressly on whether the debtor's estate of homestead had been terminated by the actions of the probate court. As more fully explained above, the bankruptcy court concluded that the debtor's interest in the marital residence had been terminated by the probate court before bankruptcy. He was left with a claim against Michelle for 25% of the proceeds of a future sale. That claim became an

---

[14] Mass. Gen. Laws ch. 188, § 7, provides:

> An estate of homestead created under section two may be terminated during the lifetime of the owner by either of the following methods:—(1) a deed conveying the property in which an estate of homestead exists, signed by the owner and the owner's spouse, if any, which does not specifically reserve said estate of homestead; or by (2) a release of the estate of homestead, duly signed, sealed and acknowledged by the owner and the owner's spouse, if any, and recorded in the registry of deeds for the county or district in which the property is located.
>
> A deed reserving said estate of homestead shall convey, according to its terms, any title or interest in the property beyond the estate of homestead.

asset of the estate; but, as personal property, it was not protected under the Massachusetts homestead statute.

## CONCLUSION

The bankruptcy court did not err in determining that the trustee had met his burden of proof on his objection to the debtor's homestead exemption claim. We **AFFIRM**.

## General Docket
## United States Bankruptcy Appellate Panel

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #: 09-70**<br>In re: David Gourdin, Sr., et al v. Warren E. Agin, Trustee<br>Appeal From: Bankruptcy Court of MA - Boston<br>Fee Status: filing fee paid | **Docketed:** 12/29/2009<br>**Termed:** 06/17/2010 |

**Case Type Information:**
1) bankruptcy appellate panel
2) Chapter 7 Non-Business
3) nothing

**Originating Court Information:**
District: 0101-1 : 09-16884-FJB
Ordering Judge: Frank J. Bailey, Bankruptcy Appellate Panel Judge
Date Filed: 07/21/2009

**Prior Cases:**
None

**Current Cases:**
None

**Panel Assignment:**
Panel: ESL   MWV   LHK
Date of Hearing: 04/15/2010      Date of Decision:

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY
OFFICE AND IN MY LEGAL CUSTODY
UNITED STATES BANKRUPTCY
APPELLATE PANEL
FOR THE FIRST CIRCUIT
BOSTON, MA
By: [signature]  Date: 6/17/10

In re: DAVID A. GOURDIN, SR.
    Debtor

---

DAVID A. GOURDIN, SR.
    Debtor - Appellant

> Norman Novinsky
> Direct: (508) 559-1616
> [COR NTC Retained]
> Novinsky & Associates
> Williamsburg Square
> 1350 Belmont St., Suite 104
> Brockton, MA 02301-0000

v.

WARREN E. AGIN, Chapter 7 Trustee
    Trustee - Appellee

> Warren E. Agin
> [NTC Government - Other]
> Swiggart & Agin, LLC
> Firm: 617.742.0110
> 197 Portland St.
> Fourth Floor
> Boston, MA 02114

Warren E. Agin
[COR Retained]
Swiggart & Agin, LLC
Firm: 617.742.0110
197 Portland St.
Fourth Floor
Boston, MA 02114

----------------------------

John Fitzgerald
[NTC Government - Other]
Office of the U.S. Trustee
Firm: 617.788.0400
5 Post Office Square
10th Floor, Suite 1000
Boston, MA 02109-3934

---

In re: DAVID A. GOURDIN, SR.,

    Debtor

----------------------------

DAVID A. GOURDIN, SR.,

    Debtor - Appellant

v.

WARREN E. AGIN, Chapter 7 Trustee,

    Trustee - Appellee

---

| Date | | Description |
|---|---|---|
| 12/29/2009 | ☐ | Received Notice of Appeal filed at U.S. Bankruptcy Court, District of Massachusetts (Eastern Division) on 12/23/2009, transmittal form, FILED. Appeal filing fee paid. [09-70] |
| 01/07/2010 | ☐ | OPENING LETTER SENT: Notice to Clerk, U.S. Bankruptcy Court, District of Massachusetts (Eastern Division) and all parties RE: BAP No. MB 09-070 assigned. [09-70] |
| 01/25/2010 | | Certificate of readiness received from U.S. Bankruptcy Court, District of Massachusetts (Eastern Division). |
| 01/25/2010 | | Certificate of Readiness docketed. [09-70] |
| 01/26/2010 | ☐ | BRIEFING ORDER ENTERED: Brief due 02/09/2010 for Appellant David A. Gourdin Sr.. Appellee's brief due 02/23/2010 for Appellee Warren E. Agin. Reply |

| | | |
|---|---|---|
| | | brief due 03/09/2010 for Appellant David A. Gourdin Sr. [09-70] |
| 02/01/2010 | ☐ | Appellant David A. Gourdin, Sr. and Appellee Warren E. Agin's Joint Motion to Extend Briefing Deadlines. |
| 02/02/2010 | ☐ | ORDER ENTERED GRANTING Joint Motion of Parties to Extend Briefing Deadlines; Appellant's brief and appendix are now due on or before 2/19/10. |
| 02/19/2010 | ☐ | Notice of deficient brief sent to Appellant David A. Gourdin, Sr. RE: Failure to submit requisite number of copies; No Certificate of Interested Parties and No Certificate of Related Cases filed. [09-70] |
| 02/19/2010 | | David A. Gourdin, Sr.'s Brief filed. [09-70] |
| 02/19/2010 | | Appellant David A. Gourdin, Sr.'s Appendix Volumes: 1. Copies: 4 filed. [09-70] |
| 02/25/2010 | | Notice of Deficient Brief issued 02/19/2010 has been satisfied as of 02/25/2010. [09-70] |
| 03/04/2010 | | Appellee Warren E. Agin's Brief FILED (c/s). [09-70] |
| 03/05/2010 | ☐ | ORAL ARGUMENT SCHEDULING ORDER ENTERED: This case is scheduled for oral argument on Thursday, 04/15/2010 at 09:30 am. |
| 03/05/2010 | ☐ | Notice of Oral Argument. Oral Argument Set for 9:30 a.m., Thursday, 04/05/2010. Response to this notice is due by Friday, 3/19/10. |
| 03/05/2010 | | Panel assigned [09-70] |
| 04/09/2010 | ☐ | AMENDED ORAL ARGUMENT SCHEDULING ORDER. |
| 04/15/2010 | | LAMOUTTE, VAUGHN and KORNREICH U.S. Bankruptcy Appellate Panel Judges. APPEAL ARGUED AND SUBMITTED THIS DAY. [09-70] |
| 06/17/2010 | ☐ | LAMOUTTE, VAUGHN and KORNREICH, U.S. Bankruptcy Appellate Panel Judges: Opinion issued. Affirmed. Published. Kornreich authoring Judge. 09-70] |
| 06/17/2010 | ☐ | LAMOUTTE, VAUGHN and KORNREICH, U.S. Bankruptcy Appellate Panel Judges: JUDGMENT FILED AND ENTERED. AFFIRMED. [09-70] |

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

## TRANSMITTAL FORM

TO:  Mary Murray, Supervisor
United States Bankruptcy Court
District of Massachusetts (Eastern Div.)
John W. McCormack Post Office and Court House
5 Post Office Square, Suite 1150
Boston, MA 02109-3945

| |
|---|
| Case Name: DAVID A. GOURDIN, SR. |
| BAP Case No.   MB 09-070 |
| Bankruptcy Case No.: 09-16884-FJB |
| Adversary No.: N/A |
| Bankruptcy Judge: HON. FRANK J. BAILEY |

TRANSMITTED HEREWITH ARE THE FOLLOWING DOCUMENTS:

[X]  BAP Docket(s)
[X]  BAP Opinion
[X]  BAP Judgment
[ ]  BAP Order
[ ]  BAP Opening Letter
[ ]  Other:

COMMENTS:

DATED: June 17, 2010                    Mary P. Sharon, Clerk

                                By:  /s/ Ann M. Williams
                                     Ann M. Williams, Case Manager